1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MAURICE LAMONT AINSWORTH,              No.  2:19-cv-0232 DB P

12                   Petitioner,

13          v.                              ORDER AND FINDINGS AND
                                            RECOMMENDATIONS
14    M.E. SPEARMAN, Warden,

15                   Respondent.

16

17          Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas

18    corpus pursuant to 28 U.S.C. § 2254 together with a request to proceed in forma pauperis

19    pursuant to 28 U.S.C. § 1915.  (ECF Nos. 1, 2).  Petitioner has submitted a declaration that makes

20    the showing required by § 1915(a).  (ECF No. 6).  Accordingly, the request to proceed in forma

21    pauperis will be granted.  28 U.S.C. § 1915(a).

22          The exhaustion of state court remedies is a prerequisite to the granting of a petition for

23    writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived

24    explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[1]  A waiver of exhaustion, thus, may

25    not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the

26    highest state court with a full and fair opportunity to consider all claims before presenting them to

27    _____

28    [1] A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. §
      2254(b)(2).

                                              1

the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

After reviewing the petition for habeas corpus, the court finds that petitioner has failed to exhaust state court remedies.  The claims have not been presented to the California Supreme Court.  Petitioner states as much in the petition.  (See ECF No. 1 at 3) (petitioner stating that with respect to the instant petition, he "[has] not completed all of [his] remedies in the lower courts.").  Further, there is no allegation that state court remedies are no longer available to petitioner.  (See generally ECF No. 1).  Accordingly, the petition should be dismissed without prejudice.[2]

Good cause appearing, IT IS HEREBY ORDERED that:

1.  Petitioner's motion to proceed in forma pauperis, filed February 6, 2019 (ECF No. 2), is GRANTED;

2.  The Clerk of Court is directed to randomly appoint a District Court judge to this action, and

3.  The Clerk of Court is directed to serve a copy of these findings and recommendations together with a copy of the petition filed in the instant case on the Attorney General of the State of California; and

IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus (ECF No. 1) be DISMISSED for failure to exhaust state remedies.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time

////

_____

[2]  Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).

1  may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th

2  Cir. 1991).

3  Dated:  February 11, 2019

4

5                                                                      _____

6                                                                      DEBORAH BARNES
                                                                       UNITED STATES MAGISTRATE JUDGE

7

8  DLB:13
   DB/ORDERS/ORDERS.PRISONER.HABEAS/ains0232.103

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28