UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE LAMONT AINSWORTH,<br><br>Petitioner,<br><br>v.<br><br>M.E. SPEARMAN,<br><br>Respondents. | No. 2:19-cv-0232 KJM DB P<br><br><br><br>ORDER |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On February 11, 2019, the court issued findings and recommendations that the action be dismissed for failure to exhaust state remedies. (ECF No. 8). Thereafter, instead of objecting to the findings and recommendations, on February 25, 2019, petitioner filed a motion to stay the matter while he returned to state court to exhaust his claims. (ECF No. 10). Because the court requires additional information in order to adjudicate petitioner's motion to stay these proceedings, it will not rule on it at this time. Instead, it will first order petitioner to indicate the type of stay motion he is requesting.

**I.      TYPES OF MOTIONS TO STAY**

There are two kinds of stays available to a Section 2254 petitioner who wishes to exhaust claims in state court. One is established by Rhines v. Weber, 544 U.S. 269 (2005), and the other is established by Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002), overruled on other grounds by

1

Robbins v. Carey, 481 F.3d 1143, 1148-49 (9th Cir. 2007). Petitioner should explain whether he seeks a "Rhines" stay or a "Kelly" stay.

The Rhines stay procedure may be applied either to petitions which contain only unexhausted claims or to petitions that are "mixed" – that is, petitions containing both exhausted and unexhausted claims. See Mena v. Long, 813 F.3d 907, 910 (9th Cir. 2016). Under Rhines, the district court stays the petition in its entirety, without requiring dismissal of any unexhausted claims while the petitioner attempts to exhaust them in state court. King v. Ryan, 564 F.3d 1133, 1138-41 (9th Cir. 2009). Regardless of whether the petition is fully unexhausted or "mixed," a Rhines stay is available only where: (1) good cause is shown for petitioner's failure to have exhausted all claims in state court prior to filing the federal petition; (2) the unexhausted claim or claims potentially have merit, and (3) there is no indication that petitioner has intentionally delayed pursuing the litigation. Rhines, 544 U.S. at 277-78; see Jackson v. Roe, 425 F.3d 654, 660-61 (9th Cir. 2005).

The Kelly stay procedure is used with mixed petitions. When it is implemented, the following occurs: (1) the petitioner amends the mixed petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, which, in turn, provides the petitioner with the opportunity to proceed to state court to exhaust the deleted claims, and (3) the petitioner later amends his petition and re-attaches the newly exhausted claims to the original petition. See King, 564 F.3d at 1135 (citing Kelly, 315 F.3d at 1070-71). If, however, the one-year statute of limitations period has expired by the time the petitioner returns to federal court, new claims may be amended into a pending federal habeas petition only if they share a common core of operative facts with the claims in the pending federal habeas petition. See Mayle v. Felix, 545 U.S. 644, 659 (2005). "A new claim does not 'relate back' to the filing of an exhausted petition simply because it arises from 'the same trial, conviction, or sentence'." King, 564 F.3d at 1141 (quoting Mayle, 545 U.S. at 662-64). In other words, unlike the Rhines procedure, the Kelly procedure "does nothing to protect a petitioner's unexhausted claims from untimeliness in the interim." King, 564 F.3d at 1141.

////

## II. DISCUSSION

The immediate petition raises two habeas claims, and it is unclear which one, if either, has been exhausted. (See ECF No. 1 at 3-4). The motion to stay these proceedings is ambiguous on this point, stating only that petitioner would like to "properly seek the exhaustion of state court remedies." (See ECF No. 10 at 1) (internal quotation marks omitted).

Petitioner should explain which stay mechanism is applicable to his current motion and which of the claims raised in his current petition are implicated. In the meantime, petitioner is not required to await resolution of the instant motion to stay before returning to state court to properly exhaust his state court remedies. However, in the event that petitioner exhausts any claims in the California Supreme Court prior to this court's resolution of the pending motion, petitioner is advised to file a notice of exhaustion in this court.

Accordingly, IT IS HEREBY ORDERED that:

1. Within twenty-one days of the date of this order, petitioner shall inform the court as to whether he is requesting a stay of this matter pursuant to Rhines v. Weber, 544 U.S. 269 (2005) or pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002);

2. If petitioner has chosen to request a stay pursuant to Rhines, he shall provide information in support of the motion, including, but not limited to, a showing that good cause exists for a grant of the stay and that he has not intentionally delayed pursuing the litigation, and

3. If petitioner exhausts any claims in the California Supreme Court prior to this court's resolution of the pending motion, petitioner shall file a notice of exhaustion in this court.

Dated: March 3, 2019

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:13
DB/ORDERS/ORDERS.PRISONER.HABEAS/ains0232.stay&abey